UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE,
    Plaintiff

v.

LUZERNE COUNTY CORRECTIONAL
FACILITY KITCHEN STAFF,
    Defendant

CIVIL ACTION NO. 3:13-CV-1279

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

FILED
SCRANTON
JUL 3 0 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint lists the LCCF and an unnamed LCCF Kitchen Supervisor as Defendants. (Id.).[2] Plaintiff alleges that there was an upholstery tack in his cereal, which he showed to a prison guard. (Id.). He complains that he did not receive a new breakfast, that he has had bleeding in his stool, and that no investigation was conducted. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 4).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 7) (citing Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[3]). On May 31, 2013, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed

---

[1] Plaintiff has since been released on bail. See (Docs. 8-9).

[2] The docket incorrectly lists the LCCF Kitchen Staff as the sole Defendant.

[3] Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

in its entirety with prejudice, and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Doc. 10). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, two days after the R&R was mailed to Plaintiff's new address. (Id.).[4] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted in part.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such

---

[4]Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 7, pp. 3-5). Initially, Magistrate Judge Blewitt finds that the complaint is subject to dismissal without prejudice for Plaintiff's admitted failure to exhaust administrative remedies. (Id. at pp. 6-9). The Magistrate Judge explains the exhaustion requirement and determines that the screening court may sua sponte dismiss a complaint without prejudice when it is clear from the face of the complaint that the plaintiff did not complete the prison's administrative remedy process prior to filing suit. (Id.), citing 42 U.S.C. § 1997e(a); Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002); Jones v. Lorady, 2011 U.S. Dist. LEXIS 64672 (M.D. Pa. 2011) (Kosik, J.). Next, Magistrate Judge Blewitt determines that the LCCF is not a proper

3

defendant in a section 1983 action because it is not a "person" subject to suit under federal civil rights laws. (Doc. 7, p. 9), citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). The Magistrate Judge therefore concludes that it would be futile to afford Plaintiff an opportunity to file an amended complaint against Defendant LCCF. (Id.), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The R&R then states that there are no facts alleging that the unnamed LCCF Kitchen Supervisor was personally involved or how he/she violated Plaintiff's constitutional rights. (Doc. 7, pp. 10-11) (quoting George v. Pa. Dep't of Corr., 2010 U.S. Dist. LEXIS 23116, *11-12 (M.D. Pa. 2010) (Caputo, J.)). Magistrate Judge Blewitt explains that section 1983 does not create any substantive rights. (Id.) (citing Doe v. Delie, 257 F.3d 309, 314 (3d Cir. 2001)). "Rather, a plaintiff must prove an underlying statutory or constitutional violation in order to prevail under 42 U.S.C. § 1983." (Id.), quoting Douris v. Bucks County, 2005 U.S. Dist. LEXIS 1279, *35-40 (E.D. Pa. 2005). The Magistrate Judge determines that Plaintiff does not allege that he was harmed as a result of the tack in his cereal and because he admittedly gave the tack to a guard when he found it, the alleged problem of bleeding in his stool could not have been caused by the tack since it was never swallowed. (Doc. 7, pp. 11-13). The R&R further explains that Plaintiff has not alleged that "any Defendant was deliberately indifferent to his safety [or] that any Defendant failed to act despite knowing Plaintiff faced a substantial risk of harm." (Id.). Thus, Magistrate Judge Blewitt reasons that "Plaintiff's allegations only amount to a negligence claim which is not actionable in a §1983 civil rights action." (Id.) (quoting Brown v. United States, 2010 U.S. Dist. LEXIS 23250, *29-30 (M.D. Pa. 2010) (Jones, J.)). The Magistrate Judge recommends that the unnamed LCCF Kitchen Supervisor also be dismissed with prejudice and finds futility in allowing Plaintiff to file

4

an amended complaint with respect to the instant allegations. (Doc. 7, p. 13), citing Grayson, 293 F.3d at 114.

Having reviewed the R&R for clear error, it will be adopted in part. Defendant LCCF will be dismissed with prejudice and without leave to amend. However, while this Court questions whether Plaintiff can allege sufficient facts to establish an Eighth Amendment claim against any specific LCCF employee, the Undersigned cannot state with confidence that an amendment would be futile. Accordingly, the unnamed LCCF Kitchen Supervisor and Plaintiff's deliberate indifference claim will be dismissed without prejudice. But, in light of Plaintiff's failure to exhaust[5], an amendment to the instant complaint will not cure all its defects and the case will be closed. Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate Order will be issued.

Date: July 30, 2013

United States District Judge

---

[5]This Court recognizes that Plaintiff is no longer incarcerated; however, it was Plaintiff's status at the time he filed the instant complaint that determines whether the PLRA's exhaustion requirements apply. See Pamplin v. Coulter, 2012 U.S. Dist. LEXIS 76381, *11-13 (W.D. Pa. 2012) (concluding that a "plaintiff is a 'prisoner' under the PLRA if he was a prisoner confined in a correctional facility on the date the complaint was filed"), citing Ahmed, 297 F.3d at 210; Rye v. Erie County Prison, 689 F. Supp. 2d 770, 772 n.2 (W.D. Pa. 2009) ("It is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s [the PLRA's] exhaustion provision applies.") (internal citations omitted).